IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS PAOLICELLI, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 10-1578 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Bissoon |
| GERALD ROZUM; THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA; and THE DISTRICT ATTORNEY OF THE COUNTY OF ALLEGHENY, | ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | Re: ECF No. [9] |

## MEMORANDUM ORDER

Louis Paolicelli ("Petitioner"), a state prisoner, has filed a Section 2254 habeas petition in this court, challenging his convictions for sexually assaulting a minor. Currently pending before the court is Petitioner's motion to strike the Respondents' Answer as being untimely filed. ECF No. [9].

On December 7, 2010, the Court ordered the United States Marshal to serve on the Respondent both the order directing service of the petition and the habeas petition. The Court also directed that "within twenty (20) days of service of this order, the Respondent and the District Attorney of Allegheny County, Pennsylvania, shall respond to the allegations of the Petition for Writ of Habeas Corpus." ECF No. [5]. On January 26, 2011, the United States Marshal filed the returns of service, indicating that the District Attorney's office was served the petition on December 23, 2010. ECF No. [6] at 3. The District Attorney's answer was, therefore, due on or about January 13, 2011. The District Attorney did not file an answer by January 13, 2011.

The District Attorney did, however, file on February 17, 2011, a motion for extension of time in which to file an answer. ECF No. [8].[1] In that motion, the District Attorney represented that the answer was not due until February 18, 2011, and that an extension of time was needed because the District Attorney only recently received all of the state court appellate records. ECF No. [8] at 1, ¶¶ 2-3.

It is not entirely clear how the District Attorney's office concluded that the answer was not due until February 18, 2011. The Court suspects that the District Attorney added 20 days to January 26, 2011 -- the date on which the Marshal filed the returns of service, ECF No. [6] -- and then apparently added the three days permitted by Fed.R.Civ.P. 6(d). This calculation plainly is incorrect and the District Attorney is cautioned to exercise more diligence in the future.

Notwithstanding the foregoing, the Court granted the District Attorney's motion for extension of time, and permitted the answer to be filed by March 21, 2011. The District Attorney filed the answer on March 15, 2011. ECF No. [10]. Accordingly, Plaintiff's contention that the answer was filed late is not correct in light of the extension having been granted.

However, even if it were otherwise, Plaintiff has failed to identify any prejudice resulting to him from the late filing of the answer. See, e.g., Wilson v. King, No. 06-CV-2608, 2010 WL 678102, at *4 (E.D.Pa. Feb. 24, 2010) (finding that in the absence of prejudice, court would not strike a ten-month late answer because "such an outcome would undermine the strong interest the Court has in resolving disputes on the merits").

Accordingly, the following order is entered:

---

[1] Petitioner complains that he was not served with a copy of the motion for extension of time. ECF No. [9] at 2, ¶ 7. We note that the District Attorney filed a certificate of service with the motion for extension of time, indicating that a copy of the motion was mailed to Petitioner. ECF No. [8] at 3.

AND NOW this 24th day of March 2011, it is **ORDERED** that Petitioner's Motion to Strike is **DENIED**.

s/Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

cc:
    LOUIS PAOLICELLI
    GS-2055
    SCI Somerset
    1600 Walters Mill Road
    Somerset, PA 15510