IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS PAOLICELLI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil Action No. 10-1578 |
| | ) |
| GERALD ROZUM; THE ATTORNEY | ) Magistrate Judge Maureen P. Kelly |
| GENERAL OF THE STATE OF | ) |
| PENNSYLVANIA; and THE DISTRICT | ) |
| ATTORNEY OF THE COUNTY OF | ) |
| ALLEGHENY, | ) |
| | ) |
| Respondents. | ) |

**OPINION**

Louis Paolicelli, ("Petitioner"), a state prisoner, was convicted in a jury trial of one count each of: Aggravated Indecent Assault, 18 Pa.C.S.A. § 3125(a)(1); Indecent Assault, 18 Pa..C.S.A. § 3126(a)(1); Corruption of Minors, 18 Pa.C.S.A. § 6301 and Endangering Welfare of Children, 18 Pa.C.S.A. § 4304. These convictions arose out of incidents that occurred in June, 2003, involving the Petitioner's then 13 year old step-daughter. At trial, the step-daughter testified against Petitioner. Petitioner did not testify at the trial. Although Petitioner was also charged with rape of his step-daughter, the jury acquitted him of that charge.

Petitioner has filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), attacking his convictions. Petitioner raises three claims of ineffective assistance of counsel. Because the state courts rejected all of the claims on the merits, and because Petitioner fails to show that the state courts' disposition of his claims was contrary to or an unreasonable application of United States Supreme Court precedent, the Petition should be denied.

## I. RELEVANT PROCEDURAL HISTORY

Petitioner is proceeding pro se and filed the Petition in November, 2010. ECF No. 3. In the Petition, he raised the following issues:

> 1) Ineffective assistance of counsel for failing to object where the defendant[']s [i.e., Petitioner's] substantative [sic] right of due process where [sic] violated where the presiding judge was not present during voir dire and defendant did not sign waiver.
>
> 2) Trial counsel was ineffective for failing to raise the verdict was against th[e] weight of the evidence.
>
> 3) Trial counsel was ineffective in violation of article 1, section 9 of the Pennsylvania Constitution and the 6th and 14th Amendment of the United States Constitution for interfering with defendant[']s right to testify.

ECF No. 3 at 3.

Respondents, represented by the office of the District Attorney of Allegheny County, filed an Answer, arguing, *inter alia*, that Petitioner failed to show that the adjudication of Petitioner's three claims by the state courts was contrary to or an unreasonable application of then existing United States Supreme Court precedent. ECF No. 10. The Answer was also accompanied by various exhibits from the state court record. The District Attorney also caused the original state court record to be forwarded to the Clerk's Office.

In May 2011, Petitioner filed a Motion for Release from Custody pending determination of this Petition. ECF No. 17. This Court denied the Motion on March 22, 2012. ECF No. 22. Petitioner filed an interlocutory appeal of the order denying his Motion for Release From Custody. ECF No. 23. Such an interlocutory appeal from a non-final order does not divest this Court of jurisdiction to adjudicate the Petition. See,

e.g., U.S. v. Amarra-Herrarte, 153 F.App'x 452, 454 (9th Cir. 2005) ("Second, Amarra-Herrarte's interlocutory appeal did not rob the district court of jurisdiction to try the case. His appeal was properly dismissed for lack of jurisdiction because he appealed from a non-final order. An appeal from an unappealable order does not divest a district court of jurisdiction."); U.S. v. Rodgers, 101 F.3d 247, 252 (2d Cir. 1996) ("notice of appeal from a district court order that was non-final did not divest the jurisdiction of the district court").

This case was subsequently reassigned to the undersigned.  ECF No. 20.  All parties have consented to have the Magistrate Judge exercise plenary jurisdiction.  ECF Nos. 12, 14.

## II. APPLICABLE STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) ("AEDPA") which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was effective April 24, 1996.  Because the Petition at issue was filed 2010, the AEDPA is applicable to this case.  Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Where the state courts have reviewed a federal issue presented to them and disposed of the issue on the merits, and that issue is also raised in a federal habeas petition, AEDPA provides the applicable deferential standards by which the federal habeas court is to review the state courts' disposition of that issue. See 28 U.S.C. § 2254(d) and (e).

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court expounded upon the standard found in 28 U.S.C. § 2254(d).  In Williams, the Court explained that Congress

intended that habeas relief for errors of law may only be granted in two limited situations: 1) where the state court decision was "contrary to . . . clearly established Federal law as determined by the Supreme Court of the United States" or 2) where that state court decision "involved an unreasonable application of[] clearly established Federal law as determined by the Supreme Court of the United States." Id. at 404-05 (emphasis deleted). The Court explained the two situations in the following terms:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. at 412-13. The United States Court of Appeals for the Third Circuit has also elucidated the "contrary to" clause by noting that "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." Werts v. Vaughn, 228 F.3d at 197 (quoting Matteo v. Superintendent, SCI-Albion, 171 F.3d 877, 888 (3d Cir. 1999)(en banc)). Moreover, it is the petitioner's burden to prove the state court decision is either contrary to or an unreasonable application of clearly established federal law. See Matteo, 171 F.3d at 888; Werts v. Vaughn, 228 F.3d at 197.

The AEDPA also permits federal habeas relief where the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

III. DISCUSSION

    A. **Petitioner has Failed to Assert that the State Court Decision is Contrary to Federal Law.**

As a general matter, Petitioner failed to even argue yet alone demonstrate that the state courts' adjudication of his three claims was contrary to or an unreasonable application of United States Supreme Court precedent. For this reason alone, he fails to carry his burden to show entitlement to relief as to these three claims. Downing v. Del Papa, 145 F.App'x 578, 580 (9th Cir. 2005)("Downing fails to argue how the Nevada Supreme Court's judgment resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"); Anderson v. Secretary for Dept. of Corrections, 462 F.3d 1319, 1325 (11th Cir. 2006)("Petitioner had not met his burden of showing the state courts' decisions were 'contrary to' or 'an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States.'"); Sepulveda v. U.S., 330 F.3d 55, 66 (1st Cir. 2003) (AEDPA requires state "petitioners to bear a different burden; they must demonstrate that the state court's adjudication of the claim 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'"); Laemmle v. Michaels, Civ.A. No. 08-333, 2009 WL 2602065, at * 5 (W.D.Pa. Aug. 24, 2009) ("Petitioner has cited no federal Supreme Court precedent nor has he even argued that such a disposition is contrary to or an unreasonable application of then extant federal Supreme Court precedent. For this reason alone, he fails to show that he merits relief under AEDPA.").

**B.   The State Court Decision is Not Contrary to Federal Law.**

Even if Petitioner had argued the requisite entitlement to relief, we find that the state courts' disposition of Petitioner's three claims of ineffective assistance of counsel was not contrary to or an unreasonable application of United States Supreme Court precedent.

In disposing of these ineffective assistance claims, the state courts relied upon the test definitively announced in Commonwealth v. Pierce, 527 A.2d 973 (Pa. 1987).[1]  The Pennsylvania Supreme Court has developed an ineffective assistance standard that requires a petitioner to demonstrate that (1) the underlying claim is of arguable merit, (2) counsel had no reasonable basis for the act or omission in question, and (3) but for counsel's act or omission, it is reasonably probable that the outcome of the proceedings would have been different. Commonwealth v. Pierce, 527 A.2d at 975.  See also Commonwealth v. Douglas, 645 A.2d 226, 230-31 (Pa. 1994).   This standard has been found to be materially identical to the test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), which announced the Sixth Amendment standard for determining claims of counsel's ineffectiveness.  See Werts, 228 F.3d at 203.   The Third Circuit Court of Appeals has ruled that this Pennsylvania standard is not "contrary to" Strickland, in the first sense of contrary to, i.e., applying a wrong rule of law,[2] and therefore, "the

---

[1] The PCRA Superior Court opinion cited to Commonwealth v. Johnson, 868 A.2d 1278 (Pa.Super. 2005) for the test of ineffectiveness, and the Johnson Court, in turn cited to Commonwealth v. Kimball, 724 A.2d 326, 332 (Pa. 1999), which explicitly cited to Commonwealth v. Pierce.

[2] Of course, it would remain open to Petitioner to show that the state courts' adjudication of his claim was contrary to United States Supreme Court precedent in the second sense of "contrary to," i.e., demonstrating the existence of a Supreme Court case that was factually indistinguishable from the state court case, yet the state court decided it differently from the Supreme Court. Petitioner has not done so in this case however.  The Court in Strickland denied relief, the state courts here as well denied relief on all three of Petitioner's claims of ineffectiveness.

appropriate inquiry is whether the Pennsylvania courts' application of Strickland to [petitioner's] ineffectiveness claim was objectively unreasonable, i.e., the State court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under Strickland." Werts, 228 F.3d at 204. Because the state courts decided Petitioner's claims of ineffective assistance of counsel under the standards of Pierce and those standards are the same as the Strickland standard, and because Petitioner has not cited any then-existing United States Supreme Court precedent that is factually similar to this case but that was decided differently than the state courts decided Petitioner's case, this court is required to apply the deferential standard of 28 U.S.C. § 2254(d), which demands that a habeas petitioner demonstrate that the state court's adjudication of the federal claim was an unreasonable application of then-existing United States Supreme Court precedent.

We do not find the Superior Court's disposition to be an unreasonable application of Strickland.

**1. Claim of ineffectiveness for failure to object to absence of judge during voir dire.**

As to Ground One, Petitioner claims ineffective assistance of trial counsel for failing to object to the absence of the trial judge during the voir dire of the prospective jury. As the Respondents point out, both the PCRA trial court and the Superior Court in the appeal from the PCRA trial court's denial of relief addressed this issue on the merits, finding trial counsel was not ineffective. Petitioner has not carried his burden to show that the state courts' disposition of this claim was contrary to or an unreasonable application of then-existing United States Supreme Court precedent.

The Superior Court essentially reasoned that Petitioner failed to carry his burden to show that his trial counsel's failure to object to the absence of the trial judge during voir dire prejudiced him in any way.  ECF No. 10-5 at 9 to 10.  Specifically, the Superior Court found that "[o]ur review of the record supports the PCRA court's conclusion that, even if Appellant did not waive its [i.e., the trial judge's] presence, the trial court's absence during *voir dire* did not prejudice Appellant."  Id., at 9.  The Superior Court went on to hold that "Appellant has not asserted that during the *voir dire* process in his case any issue arose that would have necessitated a ruling by the trial court.  Thus, as Appellant has not established prejudice, his claim of ineffectiveness fails."  Id., at 10.  Given that Strickland requires a showing of prejudice, the Superior Court's disposition of this claim is neither contrary to nor an unreasonable application of Strickland, accordingly, this claim does not merit relief.

### 2. Claim of ineffectiveness for failure to raise claim that verdict was against the weight of the evidence.

Petitioner's second claim is that his trial counsel was ineffective for failing to raise in post-sentence motion the claim that the verdict was against the weight of the evidence.  The Superior Court rejected this claim as follows: "Of course, before counsel can be deemed ineffective for failing to preserve the claim, the underlying challenge to the weight of the evidence must have merit.  The PCRA court concluded that it did not. . . . Our review of the record supports the PCRA court's conclusion.  Thus, because counsel cannot be deemed ineffective for failing to pursue a meritless claim, **Loner, supra**, Appellant is not entitled to relief."  ECF No. 10-5 at 11.  Not only were the state courts' adjudication of this Sixth Amendment claim not contrary to or an unreasonable application of any then-existing Supreme

Court law but the state courts were absolutely correct as the federal rule is that counsel cannot be ineffective for failing to raise a meritless objection.  Werts v. Vaughn, 228 F.3d 178, 202 (3d Cir. 2000) ("counsel cannot be deemed ineffective for failing to raise a meritless claim").[3]  Hence, this issue does not afford Petitioner relief.

### 3. Ineffectiveness for interfering with petitioner's right to testify.

We turn next to Petitioner's last ground for relief, namely, his claim that trial counsel was ineffective for allegedly interfering with Petitioner's right to testify at trial by allegedly threatening to withdraw if Petitioner insisted on testifying.  Essentially, the state courts found as a fact that Petitioner's trial counsel did not interfere with his right to testify, did not threaten to withdraw and so the factual premise of Petitioner's claim was rejected.  In this regard, we note that the PCRA court conducted an evidentiary hearing on Petitioner's claims.  At the PCRA hearing, both Petitioner and his trial counsel testified, giving conflicting testimony regarding this issue.  The PCRA court resolved this conflict of credibility in favor of the trial counsel's testimony.  In addressing this claim the Superior Court held as follows:

> Counsel further testified that Appellant "certainly understood he had the right to testify," that the ultimate decision was for him to make, and that he agreed that he would not testify.  Finally, counsel denied that she ever told Appellant she would

---

[3] We note that we are bound by the state courts' determination that the verdict was not against the weight of the evidence because a claim that the verdict is against the weight of the evidence is purely a state law claim and, as such, solely within the cognizance of the state courts.  See, e.g., Capitol v. Nish, Civ.A. No. 09–16E, 2011 WL 4829694, at * (W.D.Pa., Aug. 25, 2011) ("The claim that Petitioner raised on direct review—that the verdicts were against the weight of the evidence—is not cognizable in federal habeas because it raises solely an issue of state law.") (citing Tibbs v. Florida, 457 U.S. 31, 37–45 (1982)), *report and recommendation adopted by*, 2011 WL 4829690 (W.D.Pa. Oct. 12, 2011).  As the Supreme Court has explained, "we have repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'"  Waddington v. Sarausad, 129 S.Ct. 823, 832 n.5 (2009) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).

> withdraw from the case if he chose to testify.
> The PCRA court found that Appellant's claim did not warrant relief:
>> At the PCRA hearing, trial counsel testified that she and [Appellant] discussed the possibility of him testifying in his own defense. Trial counsel indicated that [Appellant's] testimony would simply be his denial that he sexually assaulted the victim, which is what he told the investigating detective in a pre-arrest interview; however, as [Appellant] also told the detective that he made his living by selling narcotics, counsel was very concerned that the prosecutor would emphasize [Appellant's] lack of legitimate employment and that such would have a negative influence on the jury. Nonetheless, **she made it clear to [Appellant] that it was his choice if he wanted to testify and she did not prohibit him from doing so.** The Court believes that trial counsel's strategy in not calling [Appellant] to testify was reasonable under the facts of this case. Accordingly, this claim of ineffective assistance of counsel is without merit.
>> PCRA Court Opinion. 11/10/08, at 4-5.
> This Court "must defer to the credibility determinations made by the [PCRA] court that observed a witness's demeanor first hand." *Todd*, 820 A.2d at 712. In doing so, our review of the record supports the PCRA Court's conclusion.

ECF No 10-5 at 6 to 7 (some citations omitted)(emphasis added). We read the emphasized portion of the above quote to constitute the PCRA trial court's acceptance of counsel's testimony at the PCRA hearing and an implicit rejection of Petitioner's testimony at the PCRA hearing. We do not find that the state courts' credibility determinations to be an unreasonable determination of the facts. Hence, the state courts rejected Petitioner's factual premise that his Counsel coerced him into not testifying. To the extent that Petitioner now contends that his trial Counsel's advice to him to not testify was unreasonable, we do not find that the state courts' rejection of his claim to have been unreasonable. At the very least, Petitioner has not shown that the state courts' disposition of this claim unreasonably applied Strickland. Accordingly, this issue does not merit relief.

As none of the claims that Petitioner raises merits relief, the Petition will be dismissed.

## IV. CERTIFICATE OF APPEALABILITY.

A certificate of appealability ("COA"), which is a prerequisite for allowing an appeal to a Court of Appeals, should not be issued unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). A "substantial showing" requires a habeas petitioner to show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]" Slack v. McDaniel, 529 U.S. 473, 484 (2000). See also Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).

Applying this standard to the instant case, the Court concludes that jurists of reason would not find it debatable whether the Petition fails to state a valid claim of the denial of a constitutional right. Accordingly, a certificate of appealability will be denied.

Petitioner is advised that he has the right for thirty (30) days to file a notice of appeal from our order denying his petition, see 28 U.S.C. § 2253(a); Fed. R.App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. See Federal Rule of Appellate Procedure 22(b)(1).

BY THE COURT,

/s/Maureen P. Kelly
MAUREEN P. KELLY
U.S. MAGISTRATE JUDGE

Dated: July 17, 2012

cc:   Louis Paolicelli
      GS-2055
      SCI Somerset
      1600 Walters Mill Road
      Somerset, PA 15510

      All counsel of record via CM-ECF